IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MON VALLEY TECHNOLOGIES, LLC,**
**Employer Below, Petitioner**

**FILED**
**September 26, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-312**          (JCN: 2023009848)

**JOEL HUGGINS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mon Valley Technologies, LLC ("MVT") appeals the June 26, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Joel Huggins filed a response.[1] MVT did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 16, 2022, Mr. Huggins was injured, while employed by MVT, when he lifted a manhole cover "incorrectly" in order to avoid being hit by a car. Mr. Huggins reported that he felt a pop and then a sharp pain in his lower back. Mr. Huggins did not immediately report his workplace injury, but he signed an Employee's and Physician's Report of Injury on November 2, 2022. On the Report of Injury, Mr. Huggins indicated that he kept working until his pain increased to the point that he could no longer work, at which point he reported his injury.

Prior to reporting his injury, Mr. Huggins sought medical treatment from Kristin Black, D.O., on May 26, 2022. Dr. Black diagnosed a somatic dysfunction of the lumbar spine with right low back pain. There was no mention of an occupational injury in the records from this visit. On June 9, 2022, Mr. Huggins returned to Dr. Black and underwent osteopathic manipulative therapy. Dr. Black noted that Mr. Huggins reported an occupational injury that occurred some weeks prior to this visit.

---

[1] MVT is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq. Mr. Huggins is represented by William B. Gerwig III, Esq.

On August 9, 2022, Mr. Huggins underwent an MRI of his lumbar spine, revealing lumbar spondylosis and degenerative disc disease; neuroforaminal disc extrusion at L4-5, resulting in rightward subarticular and neuroforaminal narrowing, with abutment of the traversing nerve root; and degenerative changes resulting in moderate-to-severe bilateral neuroforaminal stenosis at L5-S1.

Mr. Huggins was seen by Richard Vaglienti, M.D., on August 30, 2022. Dr. Vaglienti diagnosed Mr. Huggins with displacement of lumbar intervertebral disc. Mr. Huggins received a lumbar epidural steroid injection at L4-5, administered by Dr. Vaglienti. On September 27, 2022, Mr. Huggins was seen by John France, M.D., for low back pain and right leg pain. Dr. France reviewed the August 9, 2022, MRI and opined that it showed a herniated disc at L4-5. Mr. Huggins indicated to Dr. France that he had not yet filed an application for workers' compensation benefits, but that he may do so later.

On November 7, 2022, Mr. Huggins was seen by Binu Chacko, M.D.[2] Dr. Chacko signed the physician's portion of Mr. Huggins' Report of Injury on the same day. Dr. Chacko identified the occupational injury as lumbar radiculopathy. Dr. Chacko further identified the date of injury as May 16, 2022, and the first treatment date as May 26, 2022.

The claim administrator issued an order dated December 9, 2022, which rejected the claim. The order identified the reason for the rejection as a lack of evidence establishing that the injury was received in the course of and resulting from Mr. Huggins' employment. In a report dated January 9, 2023, Dr. Chacko opined that Mr. Huggins was disabled from August 22, 2022, to April 8, 2023.

On June 26, 2023, the Board issued an order reversing the claim administrator's rejection of the claim. The Board found that Mr. Huggins had established that his injury occurred in the course of and resulted from his employment. MVT now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;

---

[2] Mr. Huggins had been treated for low back pain by Dr. Chacko after a non-work-related injury in 2021. This was noted and considered by the Board.

(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, MVT argues that the Board failed to give appropriate weight to Mr. Huggins' delay in reporting when considering the evidence; noting that he "did not seek immediate treatment, report an injury, or file a claim until nearly six months later." MVT further argues that the Board "drew every possible inference in claimant's favor, essentially interpreting the evidence liberally in claimant's favor," contrary to West Virginia law.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W.Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

West Virginia Code of State Rules § 85-1-3.1 (2009) provides:

Failure to immediately give notice to the employer of the injury weighs against a finding of compensability in the weighing of the evidence mandated by W. Va. Code §23-4-1g and dilutes the credibility and reliability of the claim. Notice provided to the employer within two (2) working days of the injury shall be deemed immediate notice: *Provided*, That under no circumstances shall the fact that notice of an occupational injury was provided by the claimant later than two (2) working days from the time of the injury be the sole basis for denial of a claim.

Here, the Board found that Mr. Huggins' statements regarding his injury and delay in reporting were credible. The Board further found that a preponderance of the medical evidence established that Mr. Huggins suffered an injury in the course of and resulting from his employment. The Board noted Mr. Huggins' delay in reporting his injury but did not find that to be sufficient basis to reject the claim following a review of the evidence.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Huggins established that he suffered an injury in the course of and resulting from his employment based on its review of the evidence.

3

Our review is deferential to the Board. West Virginia Code § 23-5-12a(b) sets forth the same standard of review as was previously required of the Board when it reviewed decisions by the Office of Judges per West Virginia Code § 23-5-12 before the 2021 statutory amendments became effective. In considering West Virginia Code § 23-5-12, the Supreme Court of Appeals of West Virginia stated that the Board was required to accord deference to the decisions by the Office of Judges. *See Conley v. Workers' Comp. Div.*, 199 W. Va. 196, 203, 483 S.E.2d 542, 549 (1997). Further, we defer to the Board's determinations of credibility. *See Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence . . . .").

Accordingly, we affirm the Board's June 26, 2023, order.

Affirmed.

**ISSUED:** September 26, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating

4